# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | | |
|---|---|---|
| CAROLINE S. BARNETT,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | No. 1:23-CV-00831-DII |
| JOSEPH CHACON; DELIA GARZA; ANDY BROWN; KIRK WATSON; SYLVESTER TURNER; FAMILY OF CRYSTAL RAMIIREZ; MADAM RUTH ANN LNU; AMY STARNES; BLAKE HAWTHORNE; THE HULL FIRM, JESUS GARZA; JOSE GARZA; HEB CORPORATE MANAGEMENT GROUP; JOE WEEDEN; ANDERSON MERCHANDISERS, LLC,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE DISTRICT JUDGE

Before the Court is Plaintiff Caroline S. Barnett's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Barnett is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Barnett's financial affidavit and determined Barnett is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Barnett's request for *in forma pauperis* status, Dkt. 2.

1

The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Barnett is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Barnett's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.   REVIEW OF THE MERITS OF THE CLAIM

Because Barnett has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Barnett complains that Defendants Joseph Chacon, Delia Garza, Andy Brown, Kirk Watson, Sylvester Turner, Family of Crystal Ramirez, Madam Ruth Ann LNU, Amy Starnes, Blake Hawthorne, The Hull Firm, Jesus Garza, Jose Garza, HEB Corporate Management Group, Joe Weeden, and Anderson Merchandisers, LLC are engaged in "aggressive harassment[,]" "spread[ing] gossip[,]" "domestic violence[,]" "witchcraft[,]" etc. Dkt. 1, at 16, 17, 18.

She asks that the "Judge … order" the "immediate removal of all groups engaged in witchcraft in torturing the [w]omb of [her] body[,]" the retrieval of "[p]hotos pull[ed] from Facebook connected to family members[,]" that the "[p]roperty at 5850 Tonila Drive Brownsville Texas 78521 … be returned to owner stated on the 'Will' hand written by primary owner[,]" that the city is "liable for cost in construction of the home in duplicate[,]" "full evaluation of [her] medical health without being harassed by county and witchcraft[,]" that her car be "paid in full by counsel[,]" that "[a]ll cases family members connected to tampering of county and witchcraft [be]

dismissed," and that "sexual direct comments" stop. *Id.* at 18. Further, Barnett seeks "excessive damages" in the "[g]ossipped amount" of "300 billion, 600 billion, 1.7 Trillion." *Id.* at 4.

Barnett claims that Defendants' alleged acts amount to:

> Wrongful arrest[,] ... Wrongful deaths, Property damages, Family Protectional Rights Violations, Obstruction Of Education, Bodily injuries, Job losses, Financial Stress and Obstruction Of Medical Health Assistance to be seen by a Physician[,] Defendants aiding witchcraft sexual abuse conspiracies that caused bodily damages to [herself] and other family members adults and minors[,] stalking caused by gossip from internal employees[,] Democratic Friends and Family members[] who have been instructed by Managers and Leadership groups of Government Departments of the City to continue harassment and collect case details to keep them updated and informed[] [and] Obstruction of mail and case details deprived by defendants.

*Id.*

None of these allegations amounts to a violation of civil rights cognizable pursuant to 42 U.S.C. § 1983. Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived her of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

The facts alleged in Barnett's complaint do not support a colorable claim of a violation of her Constitutional rights. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325, 328). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Flowers v. Sutterfield*, No.

4

20-10988, 2022 WL 2821953, at *2 (5th Cir. July 20, 2022), *cert. denied*, 143 S. Ct. 1057 (2023). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *Id.*, at *2 (quoting *Berry v. Brady,* 192 F.3d 504, 507 (5th Cir. 1999)). Barnett's claims suffer both maladies: the facts alleged are baseless, and she fails to put forth any meritorious legal theory.

Based on the foregoing, the undersigned finds that Barnett's complaint lacks an arguable basis in law to support a claim for relief before this Court and recommends that her complaint be dismissed.

### III.  ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Barnett's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Court **DISMISS** Barnett's complaint, Dkt. 1, **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The referral of this case to the undersigned should now be canceled.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report

and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 1, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE